NO. 23-1063

APPELLANT'S REPLY BRIEF

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

BLAKE M. ADAMS
Appellant

vs.

COMMISSIONER OF INTERNAL REVENUE
Appellee.

APPEAL FROM THE UNITED STATES TAX COURT

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FEB 15 2024

RECEIVED

BLAKE M. ADAMS
6574 N STATE RD 7 #416
COCONUT CREEK, FL 33073

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

CLERK  FEB 1 2 2024

FILED

# TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1.    This Case Properly Belongs in The Eleventh Circuit.. . . . . . . . . . . . . . . . . . . 1

2.    A 'Seriously Delinquent Tax Debt' Cannot Include Tax Claims That Result From Illegal/Void Assessments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES

CASES:

*Byers v. Comm'r*, 740 F.3d 668 (D.C.Cir 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hibbs v. Winn*, 542 U.S. 88 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033 (D.C. Cir 2003) . . . . . . . . 4

*Philadelphia & Reading Corp. v. United States*, 944 F.2d 1063 (3d Cir. 1991) . . 3

STATUTES:

26 U.S.C. §6212 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

26 U.S.C. §6213(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

26 U.S.C. §6330(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26 U.S.C. §7345(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

26 U.S.C. §7482(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# ARGUMENT

1. This Case Properly Belongs in The Eleventh Circuit.

It is clear from both parties that where this appeal properly lies depends on whether a tax deficiency redeterminaton was properly requested. As argued in Adams' opening brief, under 26 U.S.C. §7482(b)(1)(A), the circuit covering "the legal residence" of "a petitioner *seeking* redetermination of tax liability" is the proper appellate circuit. *Byers v. Comm'r*, 740 F.3d 668 (D.C.Cir 2014) appears to be the only case in this circuit to address the issue, but is clearly distinguishable because Bryer was statutorily barred from seeking any tax redetermination, and the Court clearly limited its decision to that circumstance. Adams is not so barred, and undisputedly sought a redetermination. The Tax Court clearly recognized that Adams *sought* a redetermination, but concluded it lacked jurisdiction. Therefore, there is no question of what Adams sought.

The language used in §7482(b)(1)(A) is clear; it relates solely to whether someone is "*seeking* redetermination of tax liability". It is hardly debatable that sometimes attempts to invoke a court's jurisdiction may turn out to be erroneous. Dismissals of cases based on erroneous assertions of jurisdiction occur everyday, especially in the Tax Court. But congress did not make §7482(b)(1)(A) dependent on whether assertions of Tax Court jurisdiction may ultimately be correct. If it wanted to add this sort of limitation, it would have done so explicitly. For

1

example, congress could have added the phrase "and over which the Tax Court actually has jurisdiction" to the above statute. It did not do so. The absence of this sort of language indicates the sole factor to be considered is whether a redetermination was *sought,* not whether the court ultimately concludes it lacks jurisdiction.

For the reasons stated, this appeal properly belongs in the Eleventh Circuit and should be transferred there.

2. A 'Seriously Delinquent Tax Debt' Cannot Include Tax Claims That Result From Illegal/Void Assessments.

The record shows no dispute that no notice(s) of tax deficiency (as required under 26 U.S.C. §6212) had been issued to Adams prior to the alleged assessments at issue in this case. The government also recognizes a seriously delinquent certification can be made "only after the IRS has followed its examination and collection procedures under current law and the taxpayer's administrative and judicial rights have been exhausted or lapsed." Resp Br at 44-45.

The government also does not (cannot) dispute the existence of the statutory ban on assessment and collection (and even potential availability for injunctive relief against assessment/collection) contained in 26 U.S.C. §6213(a), absent compliance with the procedural requirement for deficiency notices. The prohibition of §6213(a) is worth reiterating:

"Except as otherwise provided in section 6851, 6852, or 6861 *no assessment*

2

> *of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and <u>no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice [of deficiency] has been mailed to the taxpayer</u>,* nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court..."

The response brief completely fails to address the above prohibition, or the effect of the IRS violating it. Adams submits any assessment or potential collection activity done in violation of the above prohibition cannot possibly be valid, and would have to be considered void. See *Philadelphia & Reading Corp. v. United States*, 944 F.2d 1063, 1072-1073 (3d Cir. 1991) ("An assessment of taxes that is not preceded by the statutorily required notice of deficiency or a validly executed and accepted waiver of notice of deficiency is illegal, and we so hold" [p. 1072]; "an assessment that precedes a notice of deficiency is 'forever void and illegal'" [p 1073).

Clearly, an illegal, void assessment cannot possibly support any claim, and could not be the "legally enforceable Federal tax liability" mentioned in 26 U.S.C. §7345(b).[1] Also, the fact that the above phrase was included in the statute means

---

[1] The government contends this specific argument is not properly before the Court since it was supposedly not raised in the Tax Court. Resp Br at 30. Even assuming the argument was not specifically/directly raised, it was indirectly raised

3

anything affecting the 'legal enforceability' of the tax claims is a factor to be considered. While the government concedes the phrase applies to collection after the statue of limitations has expired, or by reason of a judgment in a taxpayer's favor (Resp Br at 54-55),[2] it provides no argument (or rational argument) why the phrase would not also extend to illegal/void assessments. No such reason exists.

Congress' inclusion of the phrase "legally enforceable Federal tax liability" must be read to mean just what it says. If congress did not want the 'legal enforceability' of the tax claim to be considered, it would have not included that language in the statute. Since it did, it must be given effect. *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (statute must be construed to give effect to 'all its provisions, so that no part will be inoperative or superfluous, void or insignificant).

## CONCLUSION

This case properly belongs in the Eleventh Circuit and should be transferred there. But even beyond that, the 'legal enforceability' of a tax claim must be considered under the plain language of §7345(b). The Tax Court erred in ruling

---

as an effect of the lengthy argument presented on the prohibition on assessment and collection contained in §6213(a). Bu even assuming the issue was not raised at all, this Court has discretion to consider a pure question of law if it has been fully briefed by the parties. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1039 (D.C. Cir 2003). Here, the issue has been fully briefed by the parties.

[2] Other obvious applications would include bankrupted tax claims, improper collection against a declared innocent spouse, or claims subject to the bar against collection in 26 U.S.C. §6330(a).

4

otherwise, and its decision should be vacated/reversed.

Submitted by,

/s/ Blake Adams
Blake Adams, appellant in pro per

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 12th day of February 2024, I served 2 copies of the foregoing Reply Brief on appellee by first class postal mail addressed as follows:

US Department of Justice
Tax Division, Appellate Section
Andrew W. Amend, Attorney
PO Box 502
Washington, D.C. 20044

/s/ Blake Adams
Blake Adams